**In re David W. KENNEDY, Debtor.**

**Bankruptcy No. 91–31586.**

United States Bankruptcy Court,
W.D. Washington.

March 4, 1994.

Scott M. Kilpatrick, Longview, WA, for debtor.

Janice L. Schurman, Asst. Atty. Gen., Vancouver, WA, for the State of Wash.

### ORDER ON MOTION FOR RECONSIDERATION

PHILIP H. BRANDT, Bankruptcy Judge.

The Department of Social and Health Services of the State of Washington [1] moves for reconsideration of the Order Denying Motion for Relief from Stay entered 13 January 1994. The questions presented are: (1) whether the nature of the relief the Department ultimately seeks in the state court, modification of the Debtor's child support obligation, is *ipso facto* cause for relief from

---

1. Herein "DSHS" or "Department" or "State."

the automatic stay,[2] and (2) if not, has DSHS established cause? I conclude that it is not, and that the Department has not.

## I. Background

Debtor David W. Kennedy fathered a child in 1984. In January of 1985, the Superior Court entered a Stipulated Order of Support, setting his support obligation at $75.00 per month (he was then unemployed).[3] DSHS provided and is currently providing public assistance[4] to the child's custodian. By operation of law, the Department is the assignee of and entitled to the support payments and any arrearage. 42 U.S.C. § 602(a)(26); RCW[5] 74.20A.030 and 74.20.330. DSHS has evidently been collecting the support by means of a wage deduction for some time.

Kennedy filed his petition for relief under Chapter 13 on 10 April 1991. His Plan was confirmed 6 June 1991, and a post-confirmation modification was approved 3 December 1992. As amended, the Plan calls for payment of the secured portion of Kennedy's car loan in full, with interest, and paying 70% to unsecured creditors, over a period of 43 months ending in December of 1994.

Kennedy's Plan does not provide for payment of the support or any arrearage. Neither DSHS nor the custodian was scheduled as a creditor.[6]

The record does not disclose whether DSHS revisited the question of the proper support level in the intervening years, but it did so in June of 1993, and concluded Kennedy should be paying more. Based on information from the State Department of Employment Security, it calculated the support should be $427.00 monthly.[7] In September, DSHS filed a Petition for Modification in the Superior Court and was first told of this proceeding. The Department then moved for relief from stay.[8]

## II. Discussion

DSHS's Motion was somewhat cryptic: after setting out the context, and acknowledging that it must establish good cause (citing § 362(d) and *In re Stringer,* 847 F.2d 549 (9th Cir.1988)), the Department asserted:

> Child support obligations have been granted special status and constitute good cause for relief from stay. The Bankruptcy Code provides that child support debts are nondischargeable. 11 U.S.C. § 521(a)(5). *In re Mac Donald,* 755 F.2d 715, 717 (9th Cir.1985).

Kennedy responded that he and his creditors would be greatly harmed if the relief were granted, arguing that he'd paid over $14,500 into the Plan and has only about $4,800 to go, and that he nets about $1,150 monthly after his support and Plan payments, which all goes for basic living expenses, a trailer payment and lot rent, and support of two other children. The result of relief from stay, Debtor asserted, would be dismissal or conversion to Chapter 7, denying him "... the benefits of the Chapter 13 discharge which he has earnestly been working toward for three (3) years." Kennedy also alleges he'd probably lose his car, because the bank's entire lien claim would be reinstated.

Concluding that the equities favored the Debtor, and that DSHS had not established cause, I denied the motion. DSHS now

---

2. Section 362 of the Bankruptcy Code, 11 U.S.C.: All chapter and section references are to the Bankruptcy Code, and all Rule references are to the Federal Rules of Bankruptcy Procedure, unless otherwise indicated. The Local Bankruptcy Rules, W.D.Wash., are cited LBR.

3. *State ex rel. Zink v. Kennedy,* No. 85 5 00031 0, Clark County, Washington.

4. Aid to Families with Dependent Children (AFDC).

5. Formally cited: Wash.Rev.Code.

6. It is unclear whether Kennedy was in arrears when he filed, in which event DSHS should have been. DSHS does not ascribe any bad faith in the omission, if it was an omission. Were there any, its case would be bolstered.

7. Apparently by applying RCW 26.19.020's support schedule to Kennedy's reported wages. Whether the Department or the state court could properly consider Kennedy's entire income, rather than his net after his Plan payment, I need not now determine: §§ 1306(a)(2) and 1327(a), taken together with his Plan, suggest not.

8. That motion was, and therefore this one is, a core proceeding, and this court has jurisdiction. 28 U.S.C. § 157(b)(2)(G); GR 7, Local Rules W.D.Wash.

moves for reconsideration,[9] asserting that the federal regulations governing the AFDC program require it to adjust support levels to reflect Kennedy's current ability to pay, citing 42 C.F.R. §§ 303.4 and 303.8, and that the Superior Court may deviate from the presumptive support level, citing RCW 26.-19.020. Its legal arguments remain, fundamentally, that parental obligations outrank the protection of creditors, and that the state court has expertise in such matters.

All of which may be true, but unless seeking to increase support is, without more, "cause," relief from stay under § 362(d)(1) is discretionary. While the *Mac Donald* court affirmed relief from stay allowing the respondent there to seek modification of support, it did so after explicitly indicating the bankruptcy court's obligations to exercise discretion and to attempt to harmonize the interests of the debtor and creditors, and stating:

> Because there is no clear definition of what constitutes "cause," discretionary relief from stay must be determined on a case by case basis.

*Mac Donald*, 755 F.2d at 717 (citation omitted).

I cannot read the circuit court's recounting of the argument made to it, that domestic matters = good cause, as adopting that formula, or as taking motions for relief in such instances out of the discretionary realm. DSHS has cited no authority for either of those propositions, nor have I found any.

 Exercising discretion in determining cause for stay relief requires the balancing of hardships and consideration of the totality of circumstances. *In re Cardinal Industries, Inc.*, 116 B.R. 964, 983 (Bkrtcy. S.D.Ohio 1990), quoting *In re Opelika Mfg. Corp.*, 66 B.R. 444, 449 (Bkrtcy.N.D.Ill.1986). Kennedy has identified substantial consequences which would follow the granting of relief. In doing so, he assumed a significant increase in his child support payments would result. DSHS has neither addressed that prejudice, nor shown Kennedy's fears unfounded.[10] The presumptive support payment the Department calculated tends to support Debtor's position, even if the Superior Court may deviate from it. DSHS has not articulated any hardship which will befall the State if it is denied relief and must wait ten years, rather than nine, for modification of the 1985 support award.

### III. Order

The Motion for Reconsideration is DENIED.

---

**9.** Treated as a motion to amend judgment (Rule 59(e), Fed.R.Civ.P., made applicable in bankruptcy cases by Rule 9023) in the Ninth Circuit. *Bestran Corp. v. Eagle Comtronics, Inc.*, 720 F.2d 1019 (9th Cir.1983); *In re Levine*, 162 B.R. 858, n. 1 (9th Cir. BAP 1994).

Without explanation, DSHS submitted declarations supporting its reconsideration motion which could have been, but were not, submitted with its original motion. I have considered those declarations. Were I inclined to grant the State's motion, I would need to determine the propriety of considering them. See, *Lavespere v. Niagara Mach. and Tool Works, Inc.*, 910 F.2d 167, 173–175 (5th Cir.1990) (timing determines whether reconsideration is via rule 59(e) or 60(b), Fed.R.Civ.P.; consideration of untimely papers discretionary and requires explanation under 59(e)).

Under LBR 9013(h), oral argument is discretionary with the court. This motion is decided without oral argument.

**10.** In its nearest approach to articulating prejudice, DSHS states in its Motion, "Increased support may result in this family being able to go off public assistance and relieving his child of the stigma attached to being 'on welfare'." The likelihood of that result, and the support level required, are not stated.

Presumably there is some economic impact on DSHS: in a supporting declaration, one of its support enforcement officers states that the State has paid benefits exceeding $60,000; he does not disclose how much has been collected from Kennedy. For this decision, I assume there is a substantial arrearage, which is, however, nondischargeable. Section 523(a)(5). DSHS's collection effort will be delayed, rather than prevented.