**In re Kendall Lee JONES, SSN 441–46–8563, Debtor.**

**Bankruptcy No. 95–71116.**

United States Bankruptcy Court, E.D. Oklahoma.

Nov. 8, 1995.

14

Jimmy Veith, Ardmore, OK, for Debtor.

Mary Jo Allen Butler, Creditor, pro se.

William Mark Bonney, Chapter 13 Trustee, Muskogee, OK.

## ORDER

TOM R. CORNISH, Bankruptcy Judge.

On the 5th day of October, 1995, the Chapter 13 Plan; Objection to Chapter 13 Plan by Mary Jo Allen Butler; Motion for Relief from Automatic Stay or Alternatively, Seeking Adequate Protection, and Motion for Order Abandoning Burdensome Property and Brief in Support by Mary Jo Allen Butler; Objection to Motion to Lift Stay by Debtor; and Response by Mary Jo Allen Butler came on for hearing. Counsel appearing were William Mark Bonney, Chapter 13 Trustee and Jimmy Veith for the Debtor. Mary Jo Allen Butler appeared pro se.

After a review of the above-referenced pleadings, evidence presented and arguments of counsel, this Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed.R.Bankr.P., in this core proceeding:

This bankruptcy proceeding was filed on August 17, 1995. The Debtor filed his Chapter 13 Plan on August 30, 1995. The Debtor testified that he purchased his home in 1990 from Mary Jo Allen Butler. The home consists of a trailer house with a den addition on less than one acre. The Debtor proposed in his Plan to sell the home and pay off the debt. The Plan further provides that if the Debtor is unable to sell the property within 120 days of the confirmation of the Plan, the property will be surrendered in full satisfaction of the debt. The Debtor testified that the property was listed with a real estate agency for $47,500.00, but he has no contract on the house at this time. He has informed the real estate agent that he would take less than that, and that he would even take $42,-000.00. The Debtor testified that he had an appraisal done and the property was appraised at $39,500.00. However, the Debtor did not believe that one or two of the outbuildings were considered in the appraisal. The Debtor further testified that he purchased the property for $45,500.00.

The Debtor further testified that the other houses around his home appraised for more than $39,500.00. However, the Debtor admitted that the other homes are not mobile homes. The Debtor testified that the house needed paint in some places and that the stairs off the outside deck had fallen off. The Debtor testified that the inside of the house had been taken care of and that the yard looked good. He testified that the house only had usual wear and tear.

Mrs. Butler testified that the last payment she had received was in November, 1994 and the payment amount was $395.67. She further testified that she had to pay the 1993 and 1994 taxes on the property because it had been advertised for sale by the County. She paid $302.30 for the taxes. Mrs. Butler further testified that the Debtor had been trying to sell the property for two years. Mrs. Butler also testified that Mr. Jones had

not been timely making his insurance payments. The September insurance payment was due on September 3 and was not paid until September 28. This was past the fifteen (15) day grace period. As of this hearing on October 5, 1995, the October payment had not been paid.

Mrs. Butler testified that she believed the Debtor owed her $35,516.20 plus interest, attorney fees and costs. The Debtor testified that he believed the balance owed was approximately $32,000.00. On Mrs. Butler's proof of claim, she included $4,877.00 in attorney fees for a state court action. Mrs. Butler testified that she did not know how she arrived at that figure. Mrs. Butler further testified that she only paid her attorney $250.00.

Mrs. Butler objects to confirmation of the Plan because it fails to set out the amount of the arrearage owed; fails to set out the amount of the mortgage payment; because the Debtor has committed waste upon the property; has not kept the buildings and improvements in good repair; has not insured the property; and has not paid the ad valorem taxes. This creditor also seeks relief from the automatic stay for the same reasons.

The pivotal issues before this Court are whether there is any equity in the property and whether the Debtor should be given 120 days to attempt to sell the property.

The problem here is that it remains unclear the amount owed to Mrs. Butler. Mrs. Butler believes that she is owed $35,516.20 plus attorney fees and costs. The amount and reasonableness of the attorney fees has not yet been determined. The Debtor believes that he owes Mrs. Butler approximately $32,000.00. The other problem is the value of the property. The only evidence of the value of the property is from the Debtor. Mr. Jones testified that he is asking $47,500.00 but that he would accept $42,000.00 for the property. He further testified that he had an appraisal which valued the property at $39,500.00.

There is some question as to whether the Debtor is keeping up the insurance on the property. The Debtor made his September, 1995 insurance payment after the grace period had expired. This Court is requiring the Debtor to make timely payments on his insurance contract and to provide proof of payment by the due date, the third of each month, to Mrs. Butler.

Section 362(d) provides the Court shall grant relief from the automatic stay in the following circumstances:

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

 Failure to make regular mortgage payments after filing bankruptcy constituted "cause" for relief from the stay. *In re Hinkle, 14 B.R. 202 (Bankr.E.D.Pa.1981).* A secured creditor lacks adequate protection if there is a threat of a decline in the value of the property. *In re Elmira Litho, Inc., 174 B.R. 892, 902 (Bankr.S.D.N.Y.1994).* A threat of decline includes failure to maintain property insurance. *Id. at 902 n. 9.*

 In the instant case, it appears that the insurance lapsed in September and as a result, the creditor is not being adequately protected. Furthermore, the Debtor doesn't even want the property. All he wants is time to try to sell the property. However, property on the lake does not sell very well during the winter months. For that reason, there is no justification to prolong the inevitable. This Court finds that cause exists to grant relief from the automatic stay to the creditor.

IT IS THEREFORE ORDERED that the Motion for Relief from Stay is **granted.**

IT IS FURTHER ORDERED that the Debtor is to file an Amended Plan **within ten (10) days of the date of the entry of this Order.**