**In re Idolia M. AVILA, Debtor.**

**No. 03–53645–MM.**

United States Bankruptcy Court, N.D. California.

April 14, 2004.

Clark A. Miller, Law Offices of Clark A. Miller, Salinas, CA, for Debtor.

Alan Steven Wolf, The Wolf Firm, Costa Mesa, CA, for Citifinancial Mortgage Corp.

## MEMORANDUM DECISION AND ORDER ON MOTION OF CITIFINANCIAL MORTGAGE CORPORATION FOR RELIEF FROM THE AUTOMATIC STAY

MARILYN MORGAN, Bankruptcy Judge.

### INTRODUCTION

Before the court is the restored motion of Citifinancial Mortgage for relief from the automatic stay to complete a foreclosure sale of the debtor's residence. Having previously granted relief to post a Notice of Default only, and for the reasons that follow, further relief is denied at this time.

### FACTUAL AND PROCEDURAL BACKGROUND

This chapter 13 case was commenced on June 5, 2003. The debtor is 71 years old. She owns a triplex located at 214 N. 3rd Street in King City, California. The debtor resides in one unit, her adult son and daughter-in-law reside in another unit, and the third unit is income producing. The triplex is encumbered by a first deed of trust in favor of Citifinancial Mortgage Corporation, which secures a debt of $178,916.18. The debtor's income consists of social security benefits, rental income from one of the units of the triplex, and contributions to household expenses from an adult son. The debtor's chapter 13 plan was confirmed on September 2, 2003. It provides that the debtor will make monthly mortgage payments in the amount of $1,339.24 directly to Citifinancial Mortgage. Notwithstanding the terms of the confirmed plan, the debtor has not made

any post-petition mortgage payments to Citifinancial Mortgage.

The debtor provides in her schedules that the fair market value of the triplex is $300,000. Citifinancial Mortgage has not disputed the debtor's valuation of the property.

Citifinancial Mortgage filed a motion for relief from stay in October 2003 asserting that there is cause for relief under § 362(d)(1), including lack of adequate protection, that the property is not necessary to an effective reorganization, and the debtor's failure to make the required trust deed payments. Consistent with the guidelines for relief from stay, which are posted on the court's website, at the preliminary hearing in November 2003, the court granted relief to post a Notice of Default only. The matter is back before the court on Citifinancial Mortgage's restored motion for relief from stay. Although it has not yet posted its Notice of Default, Citifinancial Mortgage requests immediate relief to complete its foreclosure sale. It contends that the debtor's failure to make any post-petition payments constitutes cause for relief from stay irrespective of the debtor's equity in the property. The debtor submits that she has been unable to make the mortgage payments because she has been having problems with her tenant. She also submits that she is trying to refinance the debt on the property.

### LEGAL DISCUSSION

■ Section 362(d)(1) provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) For cause, including the lack of adequate protection of an interest in property of such party in interest. . . .

A decision to lift the automatic stay is within the discretion of the bankruptcy court. *In re MacDonald*, 755 F.2d 715, 716 (9th Cir.1985). Because there is no clear definition of what constitutes "cause," discretionary relief from the stay must be determined on a case by case basis. *Id.* at 717. Lack of adequate protection is but one example of cause for relief from stay. *In re Ellis*, 60 B.R. 432, 435 (9th Cir. BAP 1985). An equity cushion provides adequate protection although not a single mortgage payment has been made. *In re Mellor*, 734 F.2d 1396, 1400 (9th Cir.1984). Here, Citifinancial Mortgage is adequately protected by an equity cushion of 40%, so relief based on a lack of adequate protection is not appropriate.

■ The property is also necessary to an effective reorganization. The debtor relies on the income from the property to fund her chapter 13 plan, so relief on this basis is also inappropriate.

■ Citifinancial Mortgage asserts it is entitled to relief from stay irrespective of the equity because the failure to make post-petition payments constitutes cause. It is true that post-petition defaults may constitute cause for relief from stay. *In re Delaney–Morin*, 304 B.R. 365, 369–70 (9th Cir. BAP 2003); *Ellis*, 60 B.R. at 435. However, it is not a per se rule that must be applied in a vacuum. *See In re McCollum*, 76 B.R. 797, 799 (Bankr.D.Or. 1987)(post-petition default may or may not constitute cause). Typically, cause would be found where the failure to make monthly payments corresponds with the absence of an equity cushion. *In re James River Associates*, 148 B.R. 790, 797 (E.D.Va. 1992). Exercising discretion in determining cause for stay relief requires the bal-

ancing of hardships and consideration of the totality of the circumstances. *In re Kennedy,* 165 B.R. 488, 490 (Bankr.W.D.Wash.1994)(support modification not per se cause).

 Where a creditor is adequately protected by a large equity cushion, the debtor would suffer a substantial loss in the event of foreclosure, and no economic harm to the creditor would result, relief from stay should not automatically follow a default in payment. *McCollum,* 76 B.R. at 799. In *In re Delaney–Morin* and in *In re Ellis,* it does not appear that any consideration was given to whether or not an equity cushion existed. Moreover, the *Ellis* case involved a non-institutional lender who relied on the income stream from the debtor. Here, the debtor is elderly and receives social security. She has approximately $121,000 of equity in the property that she should be afforded the reasonable opportunity to protect. That equity cushion also protects the interest of Citifinancial Mortgage, an institutional lender that does not rely on the performance of one loan. The debtor has diligently prosecuted this case by confirming a plan.

 Section 362 also gives the bankruptcy court wide latitude in crafting relief from the automatic stay. *Delaney–Morin,* 304 B.R. at 369. There appears to be no basis upon which to diverge from the court's standard guidelines in this case. Citifinancial Mortgage has already been granted relief to post a Notice of Default. The creditor has been urged to proceed to do so forthwith. Because circumstances may change significantly during the intervening 90 days under Cal. Civil Code § 2924 after the Notice of Default is posted, complete relief to proceed to sale is premature at this time. For example, the debtor's tenant may resume rent payments, the debtor may receive additional assistance from her adult children, or she may relet the income-producing unit, enabling her to make the mortgage payments to Citifinancial Mortgage. Alternatively, the debtor could successfully refinance the debt on the property. In any event, the 90 days must lapse before Citifinancial Mortgage can post its Notice of Sale. It may restore its motion for relief to the calendar at that time without the necessity of paying a new filing fee. The court will consider the circumstances at that time. If there has been no change in circumstances, it is fully expected that complete relief will be granted to allow Citifinancial Mortgage to go to sale.

### CONCLUSION

For the reasons set forth herein, further relief to complete a foreclosure sale is denied at this time as premature. The moving party may restore its motion to the court's calendar at such time that the 90 day period under Cal. Civil Code § 2924 following the posting of the Notice of Default has elapsed.

Good cause appearing, IT IS SO ORDERED.