

FILED

AUG 2 2021

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>JULIETA JIMENEZ,<br><div align="center">Debtor.</div> | BAP No.   CC-20-1275-FSG<br>CC-21-1030-FSG<br>(Related Appeals) |
| JULIETA JIMENEZ,<br><div align="center">Appellant,</div><br>v.<br>ARCPE 1, LLP A/K/A ARCPE<br>HOLDING, LLC, c/o Wilshire Financial<br>Network (W.F. Loan Service),<br><div align="center">Appellee.</div> | Bk. No.   2:20-bk-20564-SK<br><br>**MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Sandra R. Klein, Bankruptcy Judge, Presiding

Before: FARIS, SPRAKER, and GAN, Bankruptcy Judges.

## INTRODUCTION

Chapter 13[1] debtor Julieta Jimenez, her husband, and a third person

have filed multiple bankruptcy cases (some fraudulently) in an attempt to

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

prevent appellee ARCPE 1, LLP, aka ARCPE Holding, LLC c/o Wilshire Financial Network ("ARCPE") from foreclosing on her property. In this latest iteration, Mrs. Jimenez filed her petition the day before the foreclosure sale, but ARCPE quickly obtained in rem relief from the automatic stay and sold the property. The bankruptcy court later dismissed her case because the sale of the property obviated the bankruptcy case. Mrs. Jimenez appeals both orders, arguing that the court and the chapter 13 trustee failed to properly determine that ARCPE's claim was invalid.

We reject her arguments and AFFIRM.

ARCPE filed a motion to dismiss this appeal as moot, as it already sold the property at a foreclosure sale. We DENY that motion.

## FACTS[2]

### A.     Prepetition events and the prior bankruptcy cases

In February 2008, Mrs. Jimenez and her husband, Javier Jimenez, borrowed $160,000 from E-Loan, Inc., pursuant to a home equity line of credit ("HELOC") agreement. To secure the debt, they executed a second priority deed of trust on their property in Los Angeles, California (the "Property"). Mortgage Electronic Registration System was named as the beneficiary of the deed of trust, as nominee for the owner of the HELOC note. ARCPE claims interests in the HELOC note and deed of trust though

---

[2] We exercise our discretion to review the bankruptcy court's docket in this case, as appropriate. *See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

a series of assignments.

The Jimenezes struggled to pay their senior mortgage loan. They initiated two successive chapter 13 cases (in 2009 and 2012) and eventually received a loan modification from the senior mortgage lender in 2013. They voluntarily dismissed both cases.

The HELOC matured on April 1, 2018, but the Jimenezes did not pay the balance. ARCPE, which by then was the beneficiary of the HELOC deed of trust, recorded a notice of default in November 2018. It recorded a notice of trustee's sale on February 28, 2019.

The following day, Mr. Jimenez filed a chapter 13 petition. ARCPE sought stay relief, but Mr. Jimenez argued that ARCPE did not have a valid claim. The court granted ARCPE stay relief under §§ 362(d)(1) and (d)(4) and dismissed the case. On appeal, we affirmed the dismissal order and dismissed as moot the appeal of the grant of stay relief under § 362(d)(1), but we reversed the grant of in rem relief under § 362(d)(4), holding that the two earlier cases were insufficient to prove a scheme. *Jimenez v. ARCPE 1, LLP (In re Jimenez)*, 613 B.R. 537 (9th Cir. BAP 2020).

While the BAP appeal was pending, Victor Orlando Rivera, an acquaintance of the Jimenezes, filed a chapter 7 case in September 2019. He scheduled the Property as an asset subject to ARCPE's lien. However, he also indicated that his ownership interest in the Property was "no interest in any value" and that he had scheduled the Property to protect it from ARCPE. ARCPE again moved for stay relief. The bankruptcy court granted

3

the motion on the ground that Mr. Rivera filed his case in bad faith and as part of a scheme to hinder, delay, or defraud that involved multiple bankruptcy cases and a transfer of an interest in the Property to Mr. Rivera. We affirmed. *Rivera v. ARCPE 1, LLP (In re Rivera)*, BAP No. CC-20-1024-SFL (9th Cir. BAP Sept. 23, 2020).

ARCPE thereafter scheduled a foreclosure sale for December 1, 2020.

## B.    The present bankruptcy case

Mrs. Jimenez filed her chapter 13 petition a day before the scheduled foreclosure sale. She did not immediately file any schedules, statement of financial affairs, income information, or a plan.

### 1.    ARCPE's motion for relief from the automatic stay

ARCPE filed a proof of claim for the HELOC loan. It also filed a motion for relief from the automatic stay ("Stay Relief Motion"), requesting a "comfort order" to proceed with the foreclosure sale because it had already obtained § 362(d)(4) relief in Mr. Rivera's bankruptcy case.

ARCPE asserted many bases for stay relief under § 362(d)(1): its interest in the Property was not adequately protected; the bankruptcy case was filed in bad faith; and Mrs. Jimenez had not made mortgage payments to ARCPE. ARCPE requested in rem relief under § 362(d)(4), asserting that the bankruptcy case was part of a scheme to delay, hinder, or defraud creditors that involved multiple bankruptcy cases affecting the Property.

The Stay Relief Motion attached the note, deed of trust, assignments, copies of the earlier relief from stay orders, and proof of recordation of the

4

in rem relief order in the Los Angeles County Recorder's Office.

Mrs. Jimenez opposed the Stay Relief Motion. She represented that there was significant equity in the Property and that the Property was insured. She denied that she had filed her case in bad faith.

Finally, she challenged ARCPE's right to foreclose on the Property, arguing that ARCPE had not proved its debt and had filed a false claim in Mr. Jimenez's case in March 2019. She claimed that another creditor had filed a proof of claim for the same debt in the 2012 chapter 13 case. She further asserted that ARCPE's claim was "fabricated" because the assignments are suspect.

At the hearing on the Stay Relief Motion, the bankruptcy court recounted that it had granted in rem stay relief in the prior case, which was affirmed by the BAP and duly recorded. It held that its order was binding on the present case, so there was currently no stay affecting the Property.

It stated that Mrs. Jimenez's arguments concerning the proof of claim in the earlier bankruptcy case were misplaced, because she could not object to a proof of claim (in another case) by opposing a stay relief motion.

Regarding § 362(d)(1), the bankruptcy court held that Mrs. Jimenez had not established that she had provided ARCPE with proof of insurance and that Mrs. Jimenez had filed her petition in bad faith.

Regarding § 362(d)(4), the bankruptcy court held that the case was part of a scheme to delay, hinder, or defraud ARCPE. It noted the bankruptcy filings by three debtors over the past eighteen months,

5

including Mr. Rivera's fraudulent filing.

The bankruptcy court entered an order granting the Stay Relief Motion ("Stay Relief Order"), and Mrs. Jimenez timely filed her notice of appeal. She did not seek a stay pending appeal.

### 2. The Trustee's motion to dismiss

Mrs. Jimenez filed her schedules and scheduled ARCPE's secured claim but valued it at $0. She did not schedule any unsecured claims. She listed her combined monthly income as $3,032 and net monthly income of approximately $227.

She also filed a chapter 13 plan and proposed paying $182.11 per month for sixty months for a total of approximately $10,926. She indicated that the payments would go toward her first mortgage loan and the chapter 13 trustee's fee but otherwise largely left the plan blank.

On or around December 15, 2020, ARCPE sold the Property at a trustee's sale and recorded a Trustee's Deed Upon Sale on or around December 18, 2020.[3]

The chapter 13 trustee, Kathy A. Dockery ("Trustee"), filed an objection to plan confirmation. She asserted that Mrs. Jimenez failed to meet all of the mandatory requirements set forth in § 1325 and needed to amend her plan and schedules.

---

[3] On January 19, 2021, Mrs. Jimenez filed an adversary complaint against ARCPE and others to determine the validity of the HELOC lien. That case was dismissed pursuant to ARCPE's motion to dismiss. Mrs. Jimenez appealed the dismissal order to the BAP, where it is currently pending.

In response, Mrs. Jimenez amended her plan and schedules to disclose unsecured credit card debt. She amended her schedules to increase her monthly income by $123 and increased her plan payments to $202.49 per month.

The bankruptcy court held a confirmation hearing on February 4, 2021. The Trustee recommended that the court dismiss the case with a one-year bar on refiling, because the plan was unfeasible given that the Property was sold at a foreclosure sale in December 2020. She also asserted that the case was filed in bad faith.

Mrs. Jimenez again claimed that ARCPE's proof of claim was defective and that it had refused to negotiate with her. The court pointed out that it had previously authorized the foreclosure sale and that the Property had been sold weeks earlier. It noted that she had not obtained a stay pending appeal, and even if she had, ARCPE had properly recorded a valid § 362(d)(4) order for in rem relief.

The court concluded that there was no purpose in continuing the case because she no longer owned the Property. It additionally noted that she had failed to provide documents and information listed in the Trustee's objection to confirmation. It thus dismissed her case with a six-month bar on refiling.

The court entered an order dismissing her case ("Dismissal Order"), and Mrs. Jimenez timely filed her notice of appeal.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (G).

ARCPE filed a motion to dismiss these appeals as moot because it has already sold the Property at auction. According to ARCPE, this means that we cannot grant Mrs. Jimenez any effective relief on appeal.

We cannot exercise jurisdiction over a moot appeal. *United States v. Pattullo (In re Pattullo)*, 271 F.3d 898, 900 (9th Cir. 2001). The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief if the appeal is decided in favor of the appellant. *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 880 (9th Cir. 2012); *see also Varela v. Dynamic Brokers, Inc. (In re Dynamic Brokers, Inc.)*, 293 B.R. 489, 493-94 (9th Cir. BAP 2003).

We could grant Mrs. Jimenez some relief despite the sale of the Property. We could remove the two-year period imposed by the Stay Relief Order, which affects Mrs. Jimenez and parties not before the court. *See Sepehry-Fard v. U.S. Bank, N.A. (In re Sepehry-Fard)*, BAP No. NC-17-1118-BTaF, 2018 WL 2709718, at *5 (9th Cir. BAP June 5, 2018). Reversal of the Dismissal Order would allow Mrs. Jimenez to reorganize her unsecured debt in this case and would free her from the six-month bar on refiling.

Therefore, we have jurisdiction under 28 U.S.C. § 158.

## ISSUES

(1) Whether the bankruptcy court abused its discretion in granting

ARCPE relief from the automatic stay, including in rem relief.

(2) Whether the bankruptcy court abused its discretion in dismissing Mrs. Jimenez's chapter 13 case.

## STANDARD OF REVIEW

We review for an abuse of discretion the bankruptcy court's order granting a creditor relief from the automatic stay. *First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.)*, 470 B.R. 864, 868 (9th Cir. BAP 2012). Similarly, we review a bankruptcy court's dismissal of a chapter 13 case for an abuse of discretion. *Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth)*, 455 B.R. 904, 914 (9th Cir. BAP 2011).

To determine whether the bankruptcy court abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested," and (2) if it did, we consider whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262-63 & n.21 (9th Cir. 2009) (en banc).

## DISCUSSION

### A. The bankruptcy court did not abuse its discretion in granting ARCPE relief from the automatic stay under §§ 362(d)(1) and (4).

Mrs. Jimenez argues on appeal that stay relief was inappropriate because ARCPE had asserted a fraudulent proof of claim and could not establish that it was owed any debt. We reject these arguments.

The bankruptcy court may grant relief from the automatic stay under § 362(d)(1) when the movant demonstrates "cause" for relief. *Delaney-Morin v. Day (In re Delaney-Morin)*, 304 B.R. 365, 369 (9th Cir. BAP 2003). Because the statute does not define what constitutes cause for relief from the stay, cause must be determined on a case-by-case basis. *Id.*

The bankruptcy court held that relief from stay was appropriate because Mrs. Jimenez failed to establish that she had adequate insurance covering the Property, which indicated a lack of adequate protection under § 362(d)(1). Mrs. Jimenez only argues that she had proof of insurance and that a private mortgage insurance policy covers the HELOC. The bankruptcy court properly rejected these arguments because Mrs. Jimenez failed to offer admissible proof of homeowner's insurance.

The bankruptcy court also properly found that Mrs. Jimenez did not file her petition in good faith; that there were multiple bankruptcy filings affecting the Property, including Mr. Rivera's admittedly fraudulent filing; that Mrs. Jimenez had failed to establish sufficient cash flow, her assets, and her unsecured creditors; and that Mrs. Jimenez had filed her petition on the eve of the most recent foreclosure sale. Mrs. Jimenez does not identify any error in these findings.

Rather, she only focuses on ARCPE's allegedly fraudulent proof of claim and argues that ARCPE has no proof that it owns the HELOC lien. However, we already determined in the two prior appeals concerning the Property that the bankruptcy court did not err in granting ARCPE relief

10

from the automatic stay in related bankruptcy cases. *In re Jimenez*, 613 B.R. at 544 n.7; *Rivera v. ARCPE 1, LLP (In re Rivera)*, BAP No. CC-20-1024-SFL (9th Cir. BAP Sept. 23, 2020). We also disagree that ARCPE conducted the foreclosure sale "illegally," because the bankruptcy court had authorized the sale in both Mr. Rivera's case and her case, and neither debtor sought a stay pending appeal.[4]

We recently rejected a debtor's challenge to a creditor's standing to seek stay relief based on an allegedly faulty note and explained that:

> [t]he legal standard for establishing standing to seek relief from stay is significantly more liberal than the standard for standing to file a proof of claim. In the relief from stay context, the creditor can establish its standing merely by demonstrating the existence of "a colorable claim to enforce a right against property of the estate."

*DePuydt-Meier v. U.S. Bank, N.A. (In re DePuydt-Meier)*, BAP Nos. NC-21-1001-SFB, NC-21-1002-SFB, 2021 WL 2654396, at *7 (9th Cir. BAP June 28, 2021) (quoting *Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 914-15 (9th Cir. BAP 2011)). The "right to foreclose under state law constitutes the requisite colorable claim and the attendant standing to seek relief from stay to foreclose." *Id.* at *8. Therefore, Mrs. Jimenez's insistence that ARCPE filed a faulty proof of claim does not preclude stay relief.

---

[4] Mrs. Jimenez claims that another creditor filed a proof of claim for the same debt in the 2012 bankruptcy case. But that was before ARCPE obtained its interest in the Property via a 2018 assignment, and the proof of claim was likely filed by the creditor that then held the mortgage and deed of trust.

Further, in rem relief under § 362(d)(4) was appropriate. Relief is warranted if the movant establishes three conditions:

> First, debtor's bankruptcy filing must have been part of a scheme. Second, the object of the scheme must be to delay, hinder, or defraud creditors. Third, the scheme must involve either (a) the transfer of some interest in the real property without the secured creditor's consent or court approval, or (b) multiple bankruptcy filings affecting the property.

*In re First Yorkshire Holdings, Inc.*, 470 B.R. at 870.

The bankruptcy court was correct that in rem relief already applied to the Property, as ordered in Mr. Rivera's bankruptcy case. The court also held that in rem relief was appropriate because the bankruptcy filing was part of a scheme to delay, hinder, and defraud creditors. It incorporated its previous ruling, noting the three bankruptcy cases within eighteen months that were filed to frustrate ARCPE's foreclosure efforts, including the transfer of a fractional interest in the Property to Mr. Rivera for no consideration. Mrs. Jimenez does not address the court's reasoning on appeal. Therefore, we discern no error in the Stay Relief Order.

**B.     The bankruptcy court did not err in dismissing Mrs. Jimenez's case.**

The bankruptcy court held that dismissal was appropriate because Mrs. Jimenez admittedly sought bankruptcy protection only to save her Property, which had since been sold at a foreclosure sale. We agree.

Section 1307(c) allows the bankruptcy court to dismiss a case "for cause." *Schlegel v. Billingslea (In re Schlegel)*, 526 B.R. 333, 339 (9th Cir. BAP

2015). The subsections offer a nonexclusive list of circumstances that can amount to cause. *In re Henson*, 289 B.R. 741, 750-51 (Bankr. N.D. Cal. 2003) ("[T]he list set forth at § 1307(c)(1)-(10) is a non-exclusive one that does not define the term 'cause' but merely illustrates examples of it.").

"Dismissal under § 1307(c) is a two-step process. Once the court has determined that cause to dismiss exists, it still must decide what remedial action — what form of dismissal — should be taken." *In re Ellsworth*, 455 B.R. at 922; *see Nelson v. Meyer (In re Nelson)*, 343 B.R. 671, 675 (9th Cir. BAP 2006) ("[A] choice must be made between conversion and dismissal based on the 'best interests of the creditors and the estate.'").

The court held that dismissal was appropriate because the bankruptcy case served no useful purpose after ARCPE sold the Property. Mrs. Jimenez contends that ARCPE had no interest in the Property and argues that dismissal was premature. She laments that she "trusted the Justice Department in finding me a solution to my worrisome family life."

We have already rejected her arguments regarding the legitimacy of ARCPE's lien. She fails to address the bankruptcy court's reasoning that continuation of her bankruptcy case was futile because she can no longer save the Property. As the court pointed out, any further remedy would have to be procured in state court. Moreover, she appears to have a fundamental misunderstanding of the bankruptcy process and believes that it was the Trustee's responsibility to save her Property from foreclosure. The Trustee's role is to administer the estate, not represent the

13

debtor. Therefore, the futility of pursuing the bankruptcy case supports "cause" for dismissal under § 1307(c).

For the second step of its analysis, the bankruptcy court needed to decide whether dismissal was in the best interests of the creditors and the estate. Although the court did not explicitly make such a determination, the record easily supports its implicit determination that, given the sale of the Property, dismissal was in the best interest of the creditors and the estate and that allowing the case to continue would prejudice creditors. It was not an abuse of discretion to dismiss the case under § 1307(c).

## CONCLUSION

The bankruptcy court did not err in granting ARCPE in rem relief from the automatic stay and dismissing the chapter 13 case. We AFFIRM.