In re Shelly Ann BATTLE Debtor.

**Shelly Ann Battle, Appellant,**

v.

**Rod Danielson, Chapter 13 Trustee, Appellee.**

No. 5:14–cv–02063–JGB.

USBC Case No. 6:14–19874–WJ.

United States District Court, C.D. California.

Signed March 31, 2015.

M. Jonathan Hayes, Matthew D. Resnik, Roksana Daria Moradi, Simon Resnik Hayes LLP, Sherman Oaks, CA, for Appellant.

Elizabeth A. Schneider, Riverside, CA, for Appellee.

## ORDER VACATING THE BANKRUPTCY COURT'S ORDER DISMISSING THE CASE AND REMANDING FOR FURTHER PROCEEDINGS

JESUS G. BERNAL, District Judge.

Before the Court is an appeal of the bankruptcy court's order dismissing Appellant's Chapter 13 bankruptcy case. For the reasons set forth below, the Court VACATES the bankruptcy court's dismissal order and REMANDS the matter to the bankruptcy court for further proceedings consistent herewith. The April 6, 2015 Hearing on the matter is VACATED.

## I. BACKGROUND

Appellant, Shelly Ann Battle ("Debtor" or "Appellant"), filed her voluntary Chapter 13 bankruptcy petition on August 1, 2014. (Doc. No. 10, (Excerpts of Record ("E.R.")) at 13.) Debtor is a registered nurse, who has never before filed for bankruptcy. (*Id.* at 18.)

On August 15, 2014, Debtor filed her Chapter 13 Plan ("Plan"). (*Id.* at 148.) The Plan provided that Debtor would pay her creditors 100 percent of the amounts due to them over a five-year payment period. (*Id.* at 142.) The Plan estimated the total amount owed to unsecured creditors as $76,383.00. (*Id.*)

Both the meeting of creditors and the confirmation hearing were set for September 9, 2014, with the meeting of creditors to take place in the morning and the confirmation hearing to take place in the afternoon. (*Id.* at 31.)

At the meeting of creditors, Debtor's counsel informed counsel for the Trustee that a creditor, to whom Plaintiff owed $12,000, had not been included on the filed schedules. (*Id.* at 31.) Additionally, the IRS filed a proof of claim that set forth a higher debt than that originally scheduled by the debtor. (*Id.* at 142.)

That afternoon, at the confirmation hearing, the Trustee moved for dismissal of Debtor's petition, based primarily on the newly disclosed $12,000 debt. (*Id.* at 171) The Trustee contended that Debtor's Plan was infeasible, based on his calculation of the monthly payments that would be necessary, which were more than the disposable income Debtor listed in her schedules. (*Id.*) Debtor's counsel responded that Debtor could likely make a tighter budget, thus increasing her disposable income; her expenses had been "a little excessive" the first time around, but Debtor had assumed

this would not matter, as she was paying 100 percent of the debt owed. (*Id.*) Debtor's counsel suggested a continuance, but the bankruptcy court instead denied confirmation and dismissed the case without prejudice. (*Id.* at 174.) The court did not provide a reason for the dismissal. (*Id.*)

On September 24, 2014, Debtor/Appellant filed a timely notice of appeal of the bankruptcy court's order and notice of dismissal with the Bankruptcy Appellate Panel ("BAP"). (*Id.* at 1.) Appellee Rod Danielson, the Chapter 13 Trustee in the underlying bankruptcy case ("Appellee"), filed a statement of election to have the appeal transferred to the district court.

Appellant filed her Opening Brief on November 3, 2014. (Doc. No. 11.) Appellee filed his Opening Brief on November 17, 2014. (Doc. No. 12.) Appellant filed his Reply Brief on December 1, 2014. (Doc. No. 13.)

## II. JURISDICTION AND STANDARD OF REVIEW

Title 28 U.S.C. § 158(a) gives the district court jurisdiction to hear appeals from the bankruptcy court regarding "final judgments, orders, and decrees." 28 U.S.C. § 158(a).

The bankruptcy court's decision to dismiss a Chapter 13 case is reviewed for abused of discretion. *In re Nelson,* 343 B.R. 671, 674 (9th Cir. BAP 2006.) Under the abuse of discretion standard, the court first determines de novo "whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." *In re Taylor,* 599 F.3d 880, 887 (9th Cir. 2010) (citing *United States v. Hinkson,* 585 F.3d 1247, 1262 (9th Cir.2009)).

If the bankruptcy court identified the correct rule, the court then must determine whether its application of that standard was "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *In re Taylor,* 599 F.3d at 887 (citing *Hinkson,* 585 F.3d at 1262). "If the bankruptcy court did not identify the correct legal rule, or its application of the correct legal standard to the facts was illogical, implausible, or without support in inferences that may be drawn from the facts in the record, then the bankruptcy court has abused its discretion." *In re Taylor,* 599 F.3d at 887–88 (citing *Hinkson,* 585 F.3d at 1262).

## III. DISCUSSION

The bankruptcy code provides that: "on request of a party in interest or the United States trustee and after notice and a hearing, the court may [convert a case to Chapter 7] or *may dismiss a case* under this chapter, whichever is in the best interests of the creditors and the estate, for cause ..." 11 U.S.C. § 1307(c). The bankruptcy code designates items of "cause" in a non-exclusive list at § 1307(c)(1)-(10). Although the bankruptcy court in this case did not specifically state its reasons for dismissal, it appears that the court relied on subsection 5, which states that cause includes "denial of a confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan." 18 U.S.C. § 1307(c)(5).

Appellant argues the bankruptcy court erred by not granting the continuance she requested. Appellant contends the continuance would have allowed her to "sharpen her pencil"—i.e. modify her Plan—and thereafter present the bankruptcy court with a feasible amended Plan that took into account the (1) additional $12,000 debt and the (2) increased IRS proof of claim. Appellee contends the denial of Appellant's request for a continuance was not an error as Appellant could not have created a feasible plan, given her economic circum-

stances. The Court finds, based on clear precedent from the BAP, that Appellant should have been granted a continuance so as to file a modified plan.

## A. The Bankruptcy Court's Denial of Appellants' Request for a Continuance

█ The BAP has directly spoken to the central issue in this case. In *Nelson v. Meyer (In re Nelson)*, 343 B.R. 671 (9th Cir. BAP 2006), the bankruptcy court, at the confirmation hearing, found that the debtor's proposed monthly payments were so low that they could only be confirmed in "very extenuating circumstances" and that the presence of certain nondischargeable debt was problematic. 343 B.R. at 673. The bankruptcy court therefore denied confirmation of the debtor's proposed plan and dismissed the case under Section 1307(c)(5). *Id.* at 674.

The BAP took up the case to address "whether the court correctly applied 11 U.S.C. § 1307(c)(5) when it dismissed the case without affording the debtor an opportunity to revise her plan after it denied confirmation." *Id.* The BAP explained that the use of the conjunction "and" in Section 1307(c)(5)[1] means that two elements must exist to constitute "cause" to dismiss a bankruptcy case: (1) denial of confirmation; and (2) denial of a request for time to file a new or a modified plan. (*Id.* at 675–76.) It is the second element that applies to the instant case, as it is undisputed that the bankruptcy court denied confirmation of Appellant's Plan.

The BAP concluded in *Nelson* that: "We are persuaded that the second element of § 1307(c)(5) requires, at a minimum, that the court must afford a debtor an opportunity to propose a new or modified plan following the denial of plan confirmation. Because the court did not offer the debtor such an opportunity, the second element of § 1307(c)(5) was not satisfied. It follows that there was no 'cause' to dismiss or convert the chapter 13 case under that authority." (*Id.* at 676) (internal citations omitted).[2]

Appellee presses several arguments in opposition to the clear holding of *Nelson*. First, Appellee argues that since there was no possible way for Appellant to propose a feasible amended Plan, the bankruptcy court need not have granted a continuance; in other words, a continuance would have been futile. Next, Appellee contends that *Nelson* is not necessarily binding, as it was a BAP decision. Finally, Appellee argues that *Nelson* is distinguishable on its facts. The Court does not find any of these arguments persuasive.

First, as to futility of the continuance, there is nothing in the record to suggest that the bankruptcy court made such a finding. In fact, after Debtor's counsel explained a proposed amendment of the Plan and requested a continuance, the bankruptcy court dismissed the case and explained, "if it's without prejudice, you can refile, and you'll know exactly what to do in the next one." (E.R. at 174.) If an amended plan were futile, a re-filing—containing the same amended plan—would be

1. "... denial of confirmation of a plan under section 1325 of this title *and* denial of a request made for additional time for filing another plan or a modification of the plan." 11 U.S.C. § 1307(c)(5).

2. The BAP based its decision on its reasoning that "[t]he policy underlying the second element of § 1307(c)(5) relating to a request for

time to try again is that chapter 13 plan confirmation is an iterative process. A debtor who wishes to submit to the rigors of living for a number of years in the straightjacket of a plan that represents one's "best efforts" to pay creditors should, in principle, be permitted the latitude to correct perceived deficiencies in proposed plans." 343 B.R. at 676

equally as futile. The Court need not address the specific, detailed arguments offered by both sides as to why an amended plan will or will not be feasible, as these questions should be decided by the bankruptcy court on remand; as the bankruptcy court clearly did not make a finding of futility, the underlying substantive issue is not appropriately before this Court on appeal.

■ Appellee also contends that Appellant should not be allowed to amend her plan, as she should be bound to her initial proposal—as expressed in her schedules of expenses and income—since these schedules were filed under penalty of perjury. However, this argument is foreclosed by *Nelson,* where the BAP stated that, if given a chance to offer an amended plan, "it is [ ] possible that [debtor] will sharpen her pencil and either project increases in disposable income or propose a mechanism for capturing increases in such income during the life of plan. In other words, [debtor] might propose a plan that would be worthy of being confirmed." 343 B.R. at 676. Implicit in this statement is the understanding that an initial plan does not forever bind a debtor; to the contrary, chapter 13 plan confirmation is an "iterative process." *Id.*

Appellee's stare decisis argument is likewise unpersuasive. Appellee argues that the Court should not follow *Nelson,* as it was decided by the BAP, an Article I court.[3] However, Appellee presents no authority contrary to *Nelson,* either from the Supreme Court, the Ninth Circuit, or the BAP. The Court finds *Nelson* persuasive and well-reasoned, and sees no reason to stray from its holding.

Appellee next contends that *Nelson* should stand for the proposition that a debtor must only be afforded an opportunity to *request* a continuance. Appellee contends that since Appellant had the opportunity to request a continuance—and, in fact, did so—this case should be distinguished. The Court can find no support for such a reading of *Nelson;* the BAP certainly did not make this strained distinction in the case itself.

■ Finally, Appellee argues that the Court's reading of *Nelson* would mean a case could never be dismissed under Section 1307(c)(5), as the bankruptcy court would be forced "to continue, continue, and continue, as long as a debtor kept requesting a continuance." (Doc. No. 12 at 19.) However, this contention has no merit. The Bankruptcy Code contemplates that chapter 13 debtors "be afforded more than one opportunity to confirm a Chapter 13 plan before the case is dismissed or converted following denial of plan confirmation." *Nelson,* 343 B.R. at 678. This does not mean the bankruptcy court must grant infinite second chances to the debtor; but, where as here, there is no finding that amendment would be futile, the bankruptcy court must give the debtor at least one second chance.

In conclusion, the *Nelson* court clearly held that "since the [bankruptcy] court did not comply with § 1307(c)(5) when it preempted the debtor's chance to try again and dismissed the case after the first denial of plan confirmation, it applied an incorrect legal standard and thereby abused its discretion." 343 B.R. at 676. The Court likewise finds that the bankruptcy court should have granted Appellant a continuance so as to allow her to file an amended plan; by failing to do so the bankruptcy court abused its discretion. The bankruptcy court should have allowed Appellant a

---

**3.** Additionally, Appellee's argument is undercut by his citation to five other BAP decisions in support of his arguments. (*See* Doc. No. 12 at 1, 9–10, 15–16, 20)

chance to file an amended plan before dismissing the case.

## B. Appellant's Due Process Argument

Appellant also argues that the confirmation hearing should not have taken place the same day as the meeting of creditors. She bases this contention on Section 1324(b) of the Bankruptcy Code, which states: "[T]he hearing on the confirmation of the plan may be held not earlier than 20 days and not later than 45 days after the date of the meeting of creditors under section 341(a), unless the court determines that it would be in the best interests of the creditors and the estate to hold such hearing at an earlier date and there is no objection to such earlier date." 11 U.S.C. § 1324(b). However, here Appellant did not file an objection to the date of the confirmation hearing. Thus, any due process issue is not appropriately before the Court on appeal.

## IV. CONCLUSION

For the reasons set forth above, the Court VACATES the Bankruptcy Court's order and REMANDS to the bankruptcy court for further proceedings consistent herewith. The April 6, 2015 hearing on the matter is VACATED.