**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

In re:                          )      BAP No.   NV-14-1359-JuKuD
                                )
DEBRA SUE PHILLIPS,             )      Bk. No.   NV-11-29783-LED
                                )
                Debtor.         )
_____ )
                                )
DEBRA PHILLIPS,                 )
                                )
                Appellant,      )
                                )
v.                              )      M E M O R A N D U M [1]
                                )
KATHLEEN A. LEAVITT,            )
Chapter 13 Trustee,             )
                                )
                Appellee.       )
_____ )

Argued and Submitted on March 19, 2015
at Las Vegas, Nevada

Filed - May 8, 2015

Appeal from the United States Bankruptcy Court
for the District of Nevada

Honorable Laurel E. Davis, Bankruptcy Judge, Presiding
_____

Appearances:    Max Couvillier, III for appellant Debra Phillips;
                Lauren Anne Peña for appellee Kathleen A.
                Leavitt, Chapter 13 Trustee.
                _____

Before: JURY, DUNN, and KURTZ, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

-1-

Debtor Debra Phillips appeals from the bankruptcy court's order granting the chapter 13 trustee's motion to dismiss under § 1307(c).[2] At the time the order was entered, Debtor's chapter 13 case was pending without a confirmed plan for more than two years. Because the bankruptcy court did not abuse its discretion in finding cause for dismissal, we AFFIRM.

## I.  FACTS

Debtor filed both her chapter 13 petition and first plan on December 30, 2011. In her schedules, Debtor listed 302 Butterworth Ct., Henderson, Nevada (302 Butterworth) as her principal residence and 303 Butterworth Ct., Henderson, Nevada (303 Butterworth) as a rental property. During the pendency of the case, the bankruptcy court authorized a sale of 302 Butterworth.

As to 303 Butterworth, on July 16, 2012, Debtor objected to the claim (the Claim) filed by the first trust deed holder, Bank of New York Mellon (Creditor), as untimely. On October 16, 2012, the Court entered an order sustaining Debtor's objection; the Claim was allowed to the extent that it was secured by the fair market value of 303 Butterworth and disallowed as to any arrears and unsecured debt. On July 19, 2013, Debtor filed a motion to determine and amend the Claim, requesting that the Claim be deemed amended to state the mortgage balance owed as $180,000, the fair market value of 303 Butterworth. The Court

---

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

granted the motion by order entered on August 28, 2013. Based on this valuation of the secured claim, under § 1325(a)(5)(B)(ii), Debtor was allowed to propose a plan that provided for full payment of the Claim in the amount of $180,000 with appropriate interest over the course of the plan. Although Debtor filed seven proposed plans, she never proposed to pay the $180,000 claim over the life of the plan as required by statute.

On October 23, 2013, Debtor amended her schedules to reflect the sale of 302 Butterworth and the change of her principal residence to 303 Butterworth. On the same date Debtor filed the fifth plan, which addressed the Claim by providing for monthly payments of $904.91 at a fixed interest rate of 3.5% over thirty-six months and extended the maturity date to July 2038. Creditor initially objected on the ground that Debtor could not modify 303 Butterworth's secured loan because the property had become Debtor's principal residence.[3] Creditor filed a second supplemental objection arguing that even if 303 Butterworth was classified as rental property, Debtor did not have sufficient income to pay the $180,000 value over the proposed thirty-six month plan and that the plan did not provide for the required treatment of the Claim. The treatment provided in the sixth plan was substantially similar to that in the fifth plan except the monthly payments would be made over thirty-seven

---

[3] Our panel in Benafel v. One West Bank, FSB (In re Benafel), 461 B.R. 581 (9th Cir. BAP 2011), held that the relevant date for determining whether real property is debtor's principal residence for the purposes of the Bankruptcy Code's anti-modification provision is the petition date, so this ground for objection was not persuasive.

-3-

months, "starting from the 24th month." The Chapter 13 Trustee (Trustee) opposed confirmation on the following grounds: the plan was not feasible as to its treatment of the Claim; the post-petition payments to secured creditors were delinquent; and the plan failed to accurately provide for the Debtor's disposable income. The seventh plan filed on January 4, 2014, was blank as to the Claim. Creditor opposed the seventh plan.

At a continued hearing on plan confirmation on February 19, 2014, the bankruptcy court denied confirmation of all seven plans. After more than thirty days passed with no new plan proposed, Trustee filed a motion to dismiss under § 1307(c) on March 26, 2014 (Motion to Dismiss). The Motion to Dismiss requested as relief only dismissal, not conversion as allowed by the statute. At the May 1, 2014 hearing on the Motion to Dismiss, the bankruptcy court noted that all seven plans were previously denied at the February 19, 2014 hearing and a new plan had not been filed. Citing little progress since the case filing in 2011, the bankruptcy court granted dismissal. The order granting the Motion to Dismiss was entered on May 8, 2014. Debtor filed a timely notice of appeal.

## II. JURISDICTION

The bankruptcy court had jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

1. Whether the bankruptcy court erred when it found "cause" under § 1307(c) to dismiss the chapter 13 case; and

2. Whether the bankruptcy court erred when it did not consider

-4-

conversion based on the best interests of creditors and the estate.

## IV. STANDARD OF REVIEW

The bankruptcy court's dismissal of a chapter 13 case is reviewed for abuse of discretion. Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1223 (9th Cir. 1999).

The bankruptcy court abuses its discretion when it applies the incorrect legal rule or when its application of the law to the facts is: (1) illogical; (2) implausible; or (3) without support in inferences that may be drawn from the facts in the record. United States v. Hinkson, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).

## V. DISCUSSION

Section 1307(c) provides that the bankruptcy court may either dismiss or convert a chapter 13 case to chapter 7 for cause, "whichever is in the best interests of creditors and the estate." This provision first requires the bankruptcy court to consider "cause" based on a list of nonexclusive items designated in § 1307(c)(1)-(11). Nelson v. Meyer (In re Nelson), 343 B.R. 671, 674-75 (9th Cir. BAP 2006). If "cause" exists, the bankruptcy court then decides between conversion and dismissal based on the best interests of creditors and the estate. Id.; de la Salle v. U.S. Bank, N.A. (In re de la Salle), 461 B.R. 593, 605 (9th Cir. BAP 2011).

**A. The bankruptcy court did not err in finding cause to dismiss Debtor's chapter 13 case.**

1) 11 U.S.C. § 1307(c)(5)

Two elements must be satisfied to constitute "cause" under

§ 1307(c)(5): first, denial of confirmation of a plan under § 1325 and second, denial of a request made for additional time to file another plan. § 1307(c)(5); Nelson, 343 B.R. at 675-76.

The first element is met. The bankruptcy court denied confirmation of all seven plans at the February 19, 2014 hearing. There was no current plan on file as of the May 1, 2014 hearing on the Motion to Dismiss.

The second element requires "at a minimum, that the court must afford a debtor an opportunity to propose a new or modified plan following the denial of plan confirmation." Id. at 676. Here, Debtor had ample opportunity to propose a new plan during the ten-week period between February 19, 2014, when the prior plans were denied, and May 1, 2014, the date of the hearing on the Motion to Dismiss. Because Debtor had additional time to file an eighth plan after the denial of the prior plans, the second element is satisfied here. After seven ineffectual plan attempts and a ten-week default in proposing an eighth plan, Debtor had plenty of time to propose a viable plan and failed to do so. Accordingly, cause to dismiss exists under § 1307(c)(5).

2) 11 U.S.C. § 1307(c)(1)

A chapter 13 case may be dismissed based on a finding of "unreasonable delay by the debtor that is prejudicial to creditors." § 1307(c)(1). "A debtor's unjustified failure to expeditiously accomplish any task required either to propose or confirm a chapter 13 plan may constitute cause for dismissal under § 1307(c)(1)." Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth), 455 B.R. 904, 915 (9th Cir. BAP 2011); de la Salle, 461 B.R. at 605 (finding unreasonable delay and

-6-

prejudice to creditors where debtors had sufficient time but repeatedly failed to provide for a claim in their plan).

Here, Debtor unjustifiably delayed by not proposing a new plan following the denial of the prior plans in February. The bankruptcy court also found that no real progress had been made since the case filing in 2011 and the last hearings in 2013. Debtor's failure to propose a confirmable plan in more than two years supports a finding of cause for dismissal under § 1307(c)(1).

3) 11 U.S.C. § 1307(c)(3)

The failure to file a plan timely under § 1321 also constitutes cause for dismissal. § 1307(c)(3). Rule 3015 provides that a plan is untimely unless it is filed within fourteen days of the petition date. Subsequent plans required by the court are also subject to § 1307(c)(3). Ellsworth, 455 B.R. at 916.

Here, Debtor failed to propose another plan after the prior seven plans were denied. Debtor only filed the eighth plan after the bankruptcy court granted dismissal at the May 1, 2014 hearing. Because Debtor failed to file a plan timely under § 1321, cause for dismissal exists under § 1307(c)(3).

**B. The bankruptcy court did not err in not weighing the alternatives of conversion or dismissal where Trustee waived any request to consider conversion.**

The bankruptcy court has a mandatory obligation under § 1307(c) to determine whether dismissal or conversion would be in the best interests of creditors and the estate. Nelson,

343 B.R. at 674-75 (noting that the decisions under § 1112(b)[4] informs the analysis of § 1307(c)); <u>Sullivan v. Harnisch (In re Sullivan)</u>, 522 B.R. 604, 612 (9th Cir. BAP 2014) (reversing for abuse of discretion where the bankruptcy court failed to consider conversion when it dismissed a chapter 11 case under § 1112(b)).

Here, Trustee did not request conversion as an alternative to dismissal when proceeding with her motion to dismiss. In so doing, Trustee waived consideration of conversion in her motion to dismiss. Neither did Debtor request that the bankruptcy court consider conversion as an option, and on appeal, Debtor does not argue that conversion to chapter 7 should have been considered, thereby waiving the issue. <u>U.S. v. Ullah</u>, 976 F.2d 509, 514 (9th Cir. 1992)("We will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.")(internal quotation marks and citation omitted). Accordingly, the bankruptcy court did not abuse its discretion in not considering conversion as an alternative.

## VI. CONCLUSION

For the reasons stated above, we AFFIRM.

---

[4] While the language in § 1307(c) parallels its chapter 11 counterpart, § 1112(b), § 1307(c) differs slightly in providing that the court "may dismiss . . . or may convert" as opposed to § 1112(b)'s "shall convert . . . or dismiss." This minor variation is without significance because both provisions require that the court decide between conversion and dismissal based on "whichever is in the best interests of creditors and the estate."

-8-