FILED

JUL 21 2020

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>FERNANDO HERNANDEZ, JR.,<br>　　　　　Debtor. | BAP No. CC-19-1319-FSG<br><br>Bk. No. 2:19-bk-20725-WB |
| FERNANDO HERNANDEZ, JR.,<br>　　　　　Appellant,<br>v.<br>WILMINGTON TRUST, NATIONAL<br>ASSOCIATION, as Successor Trustee to<br>Citibank, N.A., as Trustee for Merrill<br>Lynch Mortgage Investors Trust,<br>Mortgage Loan Asset-Backed Certificates,<br>Series 2006-HE5,<br>　　　　　Appellee. | **MEMORANDUM**<sup>*</sup> |

Appeal from the United States Bankruptcy Court
for the Central District of California
Julia Wagner Brand, Bankruptcy Judge, Presiding

Before: FARIS, SPRAKER, and GAN, Bankruptcy Judges.

---

<sup>*</sup> This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

## INTRODUCTION

Debtor Fernando Hernandez, Jr. initiated yet another chapter 13[1] case but failed to file complete schedules, disclose required information, propose a feasible plan, or tender adequate plan payments. The bankruptcy court dismissed his case with a 180-day bar on refiling.

On appeal, Mr. Hernandez does not challenge the substance of the dismissal but contends that the secured creditor failed to timely object to his plan or serve him with its objection. He also argues that the court could not dismiss his case until it resolved his pending adversary proceeding.

We discern no error and AFFIRM.

## FACTUAL BACKGROUND[2]

### A.    Prepetition events

In 2006, Mr. Hernandez's wife, Regina Hernandez, executed a promissory note in the original principal sum of $368,000, which was secured by a deed of trust encumbering real property in Pico Rivera, California (the "Property"). In 2015, appellee Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532 and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[2] We exercise our discretion to review the bankruptcy court's docket, as appropriate. *See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE5 ("Wilmington") obtained the deed of trust and took possession of the note, which was endorsed in blank.

Between March 2011 and October 2018, Mr. and Mrs. Hernandez filed eight bankruptcy petitions either jointly or individually.[3] In one of the cases, filed in May 2014, they received a chapter 7 discharge. All of the other cases were chapter 13 cases that were quickly dismissed.

## B.    Mr. Hernandez's chapter 13 case

Wilmington commenced the latest foreclosure proceedings in state court in March 2019. Mr. Hernandez, proceeding pro se, initiated the present individual chapter 13 case, the ninth related case in eight years. He failed to file his schedules, statement of financial affairs, and chapter 13 plan (among other things) but represented that he was negotiating a short sale of the Property and requested an extension of time to file the missing documents. The court granted Mr. Hernandez a two-week extension.

When Mr. Hernandez filed his missing documents, they were facially deficient and omitted key information. His schedules acknowledged

---

[3] *See* bkr. case nos. 2:11-bk-18876-TD (joint chapter 13 case filed March 2, 2011); 2:11-bk-35138-VZ (joint chapter 13 case filed June 10, 2011); 2:14-bk-19340-VZ (joint chapter 7 case filed May 13, 2014); 2:15-bk-17815-VZ (Mrs. Hernandez's chapter 13 case filed May 15, 2015); 2:15-bk-29448-VZ (Mrs. Hernandez's chapter 13 case filed December 30, 2015); 2:16-bk-24815-NB (Mr. Hernandez's chapter 13 case filed November 8, 2016); 2:17-bk-14743-WB (Mr. Hernandez's chapter 13 case filed April 18, 2017); 2:18-bk-22278-NB (Mrs. Hernandez's chapter 13 case filed October 18, 2018).

Wilmington's lien and indicated that it was "disputed." The plan proposed sixty monthly payments of $111, for a total of $6,666: $100 per month to Wilmington and $11 per month to the chapter 13 trustee. The plan did not provide any treatment for any other debt. Mr. Hernandez failed to serve the plan or give notice of the confirmation hearing.

Two weeks before the hearing on plan confirmation, the Hernandezes filed an adversary complaint against Wilmington for wrongful foreclosure. Essentially, they sought to halt the foreclosure proceeding by alleging that Wilmington lacked standing to foreclose.

C.    **The objections to plan confirmation**

Wilmington filed an objection to plan confirmation and a request for dismissal ("Wilmington Objection"). It represented that the prepetition arrears totaled $118,206 and that the loan was fifty-eight months in arrears.

Wilmington argued that the proposed plan was unconfirmable. It contended that the plan was not proposed in good faith and pointed out the Hernandezes' many unsuccessful bankruptcy filings with the aim of preventing Wilmington from obtaining possession of the Property.

Further, the plan did not propose to cure the prepetition arrears of $118,206 and instead only proposed paying Wilmington $6,000 over the five-year term. Curing the arrears would have required payments of $1,970 per month, but Mr. Hernandez could not afford that, since his monthly net income was only $900.

The proof of service document indicated that Wilmington mailed its objection to Mr. Hernandez on October 30.

The chapter 13 trustee, Nancy Curry ("Trustee"), also filed an objection to plan confirmation ("Trustee Objection"). She pointed out Mr. Hernandez's failure to: (1) properly identify the Property; (2) serve the plan and notice of the confirmation hearing; (3) disclose Mrs. Hernandez's prior bankruptcy cases and Mr. Hernandez's debts, assets, and income; (4) complete and sign the plan; (5) commit all disposable income to the plan; (6) provide income information; and (7) provide other information.

Mr. Hernandez did not respond to either objection.

## D.     Confirmation hearing

At the hearing on plan confirmation, the court asked Mr. Hernandez why it should not dismiss his case, given the many problems enumerated in the objections, including his failure to make plan payments. He stated that he "[hadn't] got it in order" and that he has "got to set that up."

The court recessed the hearing to review the case documents. It then stated that it would dismiss the case with a 180-day bar on refiling because, under the four-factor test in *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219 (9th Cir. 1999), the plan and case were not filed in good faith.

First, it found that Mr. Hernandez manipulated the Bankruptcy Code. It noted that the schedules and statement of financial affairs were incomplete and internally inconsistent, despite the court granting

Mr. Hernandez an extension of time to file his documents. It also stated that the plan was incomplete, not signed, and not served.

Second, the court considered Mr. Hernandez's history of bankruptcy filings. It stated that he and his wife had previously filed multiple bankruptcy cases that "were filed and dismissed, filed and dismissed, and tag-team filings."

Third, the court found that Mr. Hernandez filed the petition with the intent to defeat Wilmington's state court foreclosure action.

Fourth, the court stated that it was unclear whether there was other egregious behavior.

At the end of the hearing, Mr. Hernandez asked the court to convert his case to one under chapter 7. The bankruptcy court stated that the case was dismissed and concluded the hearing.

The bankruptcy court entered an order dismissing the case with a 180-day bar on refiling. Mr. Hernandez timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (L). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in dismissing Mr. Hernandez's case with a 180-day bar on refiling.

## STANDARDS OF REVIEW

We review for an abuse of discretion the bankruptcy court's decision to dismiss a chapter 13 case. *See Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth)*, 455 B.R. 904, 914 (9th Cir. BAP 2011). To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, we consider whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262-63 & n.21 (9th Cir. 2009) (en banc).

"[W]hen a bankruptcy court makes factual findings of bad faith to support dismissal of a chapter 13 case, we review those findings for clear error." *In re Ellsworth*, 455 B.R. at 914 (citations omitted). A factual finding is clearly erroneous if it is illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

### A.    The court did not err in considering the Wilmington Objection.

Mr. Hernandez offers two arguments on appeal: (1) that the Wilmington Objection was untimely and (2) that the court should not have dismissed his case until it decided the pending adversary proceeding. We

7

reject both arguments.

**1.      Service of the Wilmington Objection was timely.**

Mr. Hernandez contends that he did not have adequate notice of the Wilmington Objection because it was mailed only fourteen days before the confirmation hearing. He is wrong.

First, Mr. Hernandez never served his plan or gave notice of the confirmation hearing to any creditor. Therefore, the court could not have confirmed his plan even if no one had objected.

Second, his argument is based on the wrong rule. He relies on Rule 9014, which governs "contested matter[s] not otherwise governed by these rules . . . ." But chapter 13 plan confirmation is "otherwise governed" by Rule 3015(f), and that rule provides that objections to confirmation of a chapter 13 plan shall be filed and served "at least seven days before the date set for the hearing on confirmation, **unless the court orders otherwise**." (Emphasis added.) Local Bankruptcy Rule 3015-1(g)(1) requires that objections must be filed and served "not less than 14 days before the date set for the confirmation hearing." Therefore, the Wilmington Objection filed and served fourteen days before the confirmation hearing was timely.

Third, he argues that he is entitled to an extra three days because Wilmington served him by U.S. mail. He is presumably referring to Rule 9006(f), which provides that "[w]hen there is a right or requirement to act

or undertake some proceedings within a prescribed period after being served and that service is by mail . . . , three days are added after the prescribed period would otherwise expire under Rule 9006(a)." However, this rule applies only to matters in which Mr. Hernandez would be required or allowed to take some action within a "prescribed period after [he was] served." For a chapter 13 plan confirmation, the deadline for filing and serving objections is measured from the hearing date, not from the date of service, and the debtor is not required to file a response to any objection. Therefore, Rule 9006(f) is inapplicable.

Fourth, he argues that he did not receive the Wilmington Objection and was "ambushed" by its arguments. However, service is presumed complete upon mailing the document. *See* Rule 9006(e). Furthermore, the bankruptcy court's decision to dismiss his case was also based on the Trustee Objection and the court's own review of the case documents, and he does not challenge the substance of either as the basis for dismissal.

Finally, Mr. Hernandez did not raise any of these points in the bankruptcy court. We will not consider new arguments raised for the first time on appeal. *See El Paso City of Tex. v. Am. W. Airlines, Inc. (In re Am. W. Airlines, Inc.)*, 217 F.3d 1161, 1165 (9th Cir. 2000) ("Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal, although we have discretion to do so.").

9

**2. The court did not have to decide the adversary proceeding before ruling on plan confirmation.**

Mr. Hernandez also argues that the bankruptcy court had to resolve his adversary proceeding against Wilmington before it could deny plan confirmation. He is again wrong.

A chapter 13 debtor must provide for treatment of a secured creditor's claim in his proposed plan, even if he challenges the amount or validity of the claim. *See de la Salle v. U.S. Bank, N.A. (In re de la Salle)*, 461 B.R. 593, 602 (9th Cir. BAP 2011). Mr. Hernandez did not properly address Wilmington's claim or devote the entirety of his disposable income to the plan. He cannot ignore Wilmington's lien merely because he marked it as disputed in his schedules and challenged it in an adversary proceeding. His intent to challenge Wilmington's lien does not excuse his failure to account for Wilmington's secured claim in the plan.

**B. The bankruptcy court did not err in dismissing Mr. Hernandez's case for bad faith.**

Furthermore, even if the Wilmington Objection was procedurally deficient (and it was not), the bankruptcy court did not err in dismissing Mr. Hernandez's case based on the Trustee Objection and its independent review of the case. Mr. Hernandez does not address the bankruptcy court's reasons for dismissing his case. The court correctly identified and applied the *Leavitt* factors. We agree with the bankruptcy court on each point and find no abuse of discretion.

10

We reject Mr. Hernandez's argument that the court should have converted his case to chapter 7. Before dismissing a case under § 1307(c), the court must engage in a two-step analysis: "First, it must be determined that there is 'cause' to act. Second, once a determination of 'cause' has been made, a choice must be made between conversion and dismissal based on the 'best interests of the creditors and the estate.'" *Nelson v. Meyer (In re Nelson)*, 343 B.R. 671, 675 (9th Cir. BAP 2006).

The bankruptcy court found cause. It did not explicitly state that dismissal was in the best interests of the estate and creditors, but the record makes clear that the court reached that conclusion, and for good reason. The court found that Mr. Hernandez was manipulating the bankruptcy process to frustrate Wilmington's state court proceedings. It indicated that the state court was the appropriate forum for adjudication of Wilmington's claim. Thus, dismissal was in the best interests of Wilmington and the estate. Moreover, a chapter 7 case would not have benefitted Mr. Hernandez, either. Chapter 7 would not have given him any way to address his defaulted secured debt, and because he received a chapter 7 discharge in his case commenced on May 13, 2014, he was not entitled to a discharge in any case commenced prior to May 13, 2022. *See* § 727(a)(8). It was not error to dismiss Mr. Hernandez's case rather than convert it to one under chapter 7.

**CONCLUSION**

The bankruptcy court did not err in dismissing Mr. Hernandez's chapter 13 case. We AFFIRM.