NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. AZ-18-1223-TaLB |
| JOAN KATHRYN LIVDAHL, | Bk. No. 2:16-bk-12768-MCW |
| Debtor. | |
| LEONARD NOEL ROBERTS, | |
| Appellant, | |
| v. | **CORRECTED** |
| | **MEMORANDUM**[*] |
| JOAN KATHRYN LIVDAHL, | |
| Appellee. | |

Argued and Submitted on March 22, 2019
at Phoenix, Arizona

Filed – April 15, 2019

Appeal from the United States Bankruptcy Court
for the District of Arizona

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Madeline C. Wanslee, Bankruptcy Judge, Presiding

Appearances:        Craig Stephan argued for appellant; Katherine Anderson Sanchez and Vail C. Cloar of Dickinson Wright PLLC argued for appellee.

Before: TAYLOR, LAFFERTY, and BRAND, Bankruptcy Judges.

## INTRODUCTION

Leonard Roberts held a large judgment against chapter 11[1] debtor Joan Livdahl and actively protected his interests in her bankruptcy case. As the bankruptcy judge would later note, he routinely had at least two attorneys appear at hearings; three of his attorneys were of record in the bankruptcy case.

But when the confirmation hearing commenced on Debtor's second amended plan of reorganization (the "Second Plan"), Mr. Roberts and his attorneys were nowhere to be found. Debtor's counsel acknowledged on the record that Mr. Roberts's lead bankruptcy counsel had informed her that he was on vacation, but she also said that she anticipated that one of his other attorneys would appear. The bankruptcy court then proceeded with the confirmation hearing, overruled Mr. Roberts's objections on the

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

merits, and confirmed the Second Plan.

On appeal, Mr. Roberts argues that the bankruptcy court violated his constitutional right to due process when it confirmed the Second Plan at the hearing; he also argues that confirmation was in error. Neither position has merit. Accordingly, we AFFIRM the bankruptcy court's confirmation order.

**FACTS**

In October 2015, Mr. Roberts obtained a large judgment for fraud and unjust enrichment against Debtor (the "Claim"). The Arizona Court of Appeals affirmed the judgment, and, through judgment enforcement activities, Mr. Roberts fully secured the Claim. He also foreclosed his judgment lien on Debtor's house and acquired it through credit bid at the sheriff's sale.

Thereafter, Debtor filed a chapter 11 petition, but it provided only temporary protection against collection on the Claim. Mr. Roberts obtained a judgment from the bankruptcy court rendering the Claim nondischargeable. He also obtained stay relief and evicted her from possession of the house.

Mr. Roberts's acquisition of Debtor's house through credit bid reduced but did not eliminate the fully secured Claim. So, Debtor attempted to manage the Claim and her other debts through plan confirmation. But her first plan was not confirmed. Mr. Roberts objected,

3

and, at a contested confirmation hearing, the bankruptcy court required a revised disclosure statement and another plan.

Debtor then filed the Second Plan. It proposed to pay unsecured creditors in full over five years and to pay the Claim in full with interest at a rate already found appropriate by the bankruptcy court. But, the Second Plan did not amortize the payment on the Claim evenly over the seven-year payment period. Instead, it provided for annual payments totaling $20,000 and a balloon payment at or before the end of the seven-year period. Mr. Roberts characterized the Second Plan as providing for negative amortization, but Debtor claimed rights to offset against the Claim that, coupled with reduction of the debt as a result of the credit bid, made this characterization uncertain as of the confirmation hearing.

The bankruptcy court eventually approved the disclosure statement for the Second Plan and provided notice of the confirmation hearing on the Second Plan (the "Notice of Hearing"). The Notice of Hearing stated: "The Court will consider whether to confirm the [Second] Plan at a hearing on July 17, 2018, at 10:00 a.m. . . ." It set a deadline to object, and it noted:

> 9. PROCEDURE IF A PLAN OBJECTION IS FILED: If a party objects to confirmation of the [Second] Plan, the Confirmation Hearing will be a non-evidentiary hearing at which the Court will determine the appropriate manner to address and resolve any objection.

> 10. PROCEDURE IF NO PLAN OBJECTION IS FILED: If

no party objects to confirmation of the [Second] Plan, the Court may confirm the [Second] Plan at the Confirmation Hearing if the Proponent presents sufficient evidence (e.g., witness testimony, declaration, or documents) to allow the Court to make the findings required by Bankruptcy Code § 1129.

Mr. Roberts timely filed the only objection to confirmation. He raised a variety of arguments. As most relevant to this appeal, he argued that the Second Plan was not proposed in good faith because Debtor was consistently dishonest and consistently delayed plan confirmation, that the Second Plan unjustifiably delayed conversion to chapter 7, and that the Second Plan was not feasible because of the alleged negative amortization of the Claim.

The general unsecured claims class, however, voted 100% in favor of the Second Plan.

The day before the confirmation hearing, Debtor filed her declaration in support of plan confirmation and a combined memorandum in support of plan confirmation and response to Mr. Roberts's objection.

Only Debtor's counsel appeared at the confirmation hearing. When asked, she said that, although she knew one of Mr. Roberts's counsel was out of town, she expected one of his other attorneys to appear.

The bankruptcy judge then proceeded with the confirmation hearing, considered Mr. Roberts's objections to confirmation, and evaluated the existing evidentiary bases for plan confirmation. The bankruptcy judge

then began an oral ruling on plan confirmation:

> Okay. All right. All right. Thank you, Ms. Sanchez. I have had an opportunity to review the plan, review the objection, review the ballot report, review Ms. Livdahl's declaration, and then of course we've had quite a discussion today with respect to various factors with respect to confirmation of a plan under a Chapter 11.
>
> So as I review this record, I see that the plan does appear to be valid.

Hr'g Tr. (July 17, 2018) 26:23–27:5. The bankruptcy judge thereafter: addressed and overruled Mr. Roberts's objections based on Debtor's alleged lack of good faith, payment of professional fees, classification, best interests of creditors, scope of the injunction, offset, and alleged lack of feasibility; and concluded that he lacked standing to object on behalf of other creditors. In sum, the bankruptcy judge concluded that the Second Plan complied with 11 U.S.C. § 1129, found there was no reason to delay confirmation, and, thus, confirmed the Second Plan.

The bankruptcy judge emphasized that: "I would also like the order [confirming the Second Plan] to reflect that [Mr. Roberts's] objections have been specifically overruled on the merits and also overruled on grounds of failure to prosecute the objections due to the nonappearance of counsel. But both of those reasons would justify moving the case forward." *Id.* at 31:20–25.

That same day, the bankruptcy court entered minutes reflecting that

the bankruptcy court confirmed the Second Plan.

The next day, Mr. Roberts filed a motion asking the bankruptcy court to vacate the minute entry confirming the Second Plan and to reset a hearing on its confirmation. He alleged that his bankruptcy counsel thought that, due to his absence and because he informed Debtor's counsel that he would be out of the country, the confirmation hearing would be continued. He argued that because he was the only secured creditor and the largest creditor, it would be "fair, just, and equitable" for the bankruptcy court to vacate the minute entry so that his counsel could appear and argue.

The bankruptcy court agreed to hear the motion on shortened time.

But in the meantime, Debtor lodged a proposed order confirming the Second Plan, and the bankruptcy court entered a modified confirmation order notwithstanding the pending motion to vacate and Mr. Roberts's objections to the order itself. Mr. Roberts timely appealed this confirmation order but did not seek a stay pending appeal.

Attention then turned to the motion to vacate. Debtor opposed it; she argued that it failed both to identify the appropriate legal standard and to establish that reconsideration under Civil Rule 59 or 60 (which are applied in bankruptcy by Rules 9023 and 9024) was warranted. At the reconsideration hearing, Mr. Roberts's attorney clarified that the motion, "really, I think, would be under Rule 59." Hr'g Tr. (Aug. 21, 2018) 4:5–6.

And when the bankruptcy judge inquired about Mr. Roberts's attorneys' nonappearance at the confirmation hearing, his counsel stated: "It was my recommendation that my co-counsel not appear . . . ." *Id.* at 12:4–11, 14–15.

After argument, the bankruptcy court entered a signed minute order denying the motion to vacate.

In the order, the bankruptcy court noted that Mr. Roberts had several counsel of record and, despite this, none of the attorneys asked the bankruptcy court or opposing counsel to continue the confirmation hearing. Instead, "[t]hey simply failed to appear." The bankruptcy court next found it unreasonable for Mr. Roberts's attorneys to not communicate with Debtors' counsel and to assume that she would know "that only the vacationing attorney would be representing their collective client at a noticed hearing, or that she should ask for a continuance when she and her client prepared and appeared at the hearing ready to prosecute their confirmation request."

The bankruptcy court next faulted Mr. Roberts for not identifying the relevant reconsideration authority, much less establishing that reconsideration was warranted under Civil Rule 59 or 60. It clarified that it did not need to take additional evidence or schedule a further evidentiary hearing to resolve the plan objections and confirm the plan. It continued:

> It instead needed to work through the legal issues and obtain certain clarifications. The Court, having prepared for the confirmation hearing, was able to proceed and make

> determinations on the merits based on the record before it. Roberts' objections seem focused primarily on how long it would take to be repaid, and whether the plan was in the best interest of creditors or whether the plan was feasible. The Court spent a substantial amount of time working through the confirmation issues. The Court then made its rulings on the merits. This was not a default situation.

And it concluded: "Roberts has failed to meet his burden for reconsideration, rehearing, or relief from the order. Accordingly, the Court denied the relief requested in the Motion to Vacate, as well as any relief sought under [Civil] Rule 59 or 60."

Mr. Roberts never amended his notice of appeal to include the denial of reconsideration.

At oral argument, counsel stated that after confirmation of the Second Plan: Debtor began making the required payments to unsecured creditors; and the bankruptcy court determined that as a result of a credit bid and offset the Second Plan would pay about $400,000 on the Claim.[2]

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(L). We have jurisdiction under 28 U.S.C. § 158. In so determining, the Panel acknowledges that Mr. Roberts did not seek a stay of

---

[2] By the Panel's math, the Second Plan provides for a small amount of principal reduction before payment in full through the balloon payment; it is not a negative amortization plan.

9

confirmation and that distributions under the Second Plan have begun, but, in the absence of any mootness argument by Debtor, the Panel declines to consider whether equitable mootness applies. *See Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 879–83 (9th Cir. 2012).

## ISSUES

Did the bankruptcy court deprive Mr. Roberts of due process when it confirmed the Second Plan?

Did the bankruptcy court abuse its discretion when it confirmed the Second Plan?

## STANDARD OF REVIEW

We review for an abuse of discretion the bankruptcy court's ultimate decision to confirm a chapter 11 plan. *Marshall v. Marshall (In re Marshall)*, 721 F.3d 1032, 1045 (9th Cir. 2013); *Computer Task Group, Inc. v. Brotby (In re Brotby*, 303 B.R. 177, 184 (9th Cir. BAP 2003). But we review for clear error any factual determinations as to good faith and feasibility. *In re Brotby*, 303 B.R. at 184. We review de novo whether a litigant's due process rights were violated. *DeLuca v. Seare (In re Seare)*, 515 B.R. 599, 615 (9th Cir. BAP 2014).

A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *See TrafficSchool.com, Inc. v. Edriver Inc.*,

653 F.3d 820, 832 (9th Cir. 2011) (*citing United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

## DISCUSSION

Mr. Roberts argues on appeal that the bankruptcy court deprived him of due process and erred when it confirmed the Second Plan. Neither position has merit.

### A. Mr. Roberts appealed only the confirmation order; he did not appeal the reconsideration order.

We start by clarifying the scope of the appeal: We review only the order confirming the Second Plan; we do not review the order denying Mr. Roberts's reconsideration motion.

The chronology of the orders and motions is important:

- At the confirmation hearing, the bankruptcy judge announced a decision confirming the Second Plan;

- Mr. Roberts filed a reconsideration motion;

- The bankruptcy court entered an order confirming the Second Plan;

- Mr. Roberts filed a notice of appeal of that order; and

- The bankruptcy court later denied Mr. Roberts's reconsideration motion.

Rule 8002 provides that a notice of appeal filed after the bankruptcy court announces a decision but before entry of the order is treated as filed on the date of and after that entry. Fed. R. Bankr. P. 8002(a)(2). That rule

also discusses the effect of a reconsideration motion on the time to appeal. It states that if a party timely files a Rule 9023 motion, the time to file a notice of appeal runs from the entry of the order disposing of that motion. Fed. R. Bankr. P. 8002(b)(1)(B). It also provides: "If a party files a notice of appeal after the court announces or enters a judgment, order, or decree—but before it disposes of any motion listed in subdivision (b)(1)—the notice becomes effective when the order disposing of the last such remaining motion is entered." Fed. R. Bankr. P. 8002(b)(2).

Rule 8002 also discusses how to appeal a reconsideration decision:

> If a party intends to challenge an order disposing of any motion listed in subdivision (b)(1)—or the alteration or amendment of a judgment, order, or decree upon the motion—the party must file a notice of appeal or an amended notice of appeal. The notice or amended notice must comply with Rule 8003 or 8004 and be filed within the time prescribed by this rule, measured from the entry of the order disposing of the last such remaining motion.

Fed. R. Bankr. P. 8002(b)(3).

In turn, Rule 8003 provides that a notice of appeal must include a copy of the order appealed. Fed. R. Bankr. P. 8003(a)(3).

Here, Mr. Roberts complied with Rule 8003(a)(3) by identifying the subject of the appeal as the confirmation order entered August 10, 2017 and attaching a copy of the confirmation order as an exhibit. Because Mr. Roberts's notice of appeal was filed before the bankruptcy court

entered the order denying his motion to vacate, he could not have identified that order in his notice of appeal. Per Rule 8002(b)(3), Mr. Roberts was required to file an amended notice of appeal. He did not. We thus conclude that Mr. Roberts did not appeal the order denying his motion to vacate.

That this was intentional is confirmed by Mr. Roberts's opening appellate brief. In it, Mr. Roberts "simply mention[s] the denial of the motion for reconsideration in his brief, but then articulate[s] neither the standard for reviewing a motion for reconsideration nor any reason why he believes the denial of reconsideration, rather than [plan confirmation], was in error." *Lolli v. Cty. of Orange*, 351 F.3d 410, 415 (9th Cir. 2003). This briefing and notice of appeal structure is insufficient to preserve appellate rights as to the denial of reconsideration. *Id.*; *see also Johnson v. Hyundai Motor Finance (In re Johnson)*, BAP No. CC-15-1042-DTaKu, 2015 WL 5923397, at *5 (9th Cir. BAP Oct. 9, 2015) (declining to consider any issues with respect to a second reconsideration order when the debtor did not identify it in the notice of appeal, merely referenced it in his opening brief but did not assign error to it, and failed to provide a transcript of the relevant hearing).

We consider only the confirmation order on appeal.

**B.** **The bankruptcy court did not deprive Mr. Roberts of due process by confirming the Second Plan at the duly noticed and scheduled confirmation hearing.**

Mr. Roberts argues that the bankruptcy court deprived him of due process under the Fifth Amendment when it confirmed the Second Plan. We disagree.

Constitutional due process "requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010) (internal quotation marks omitted). Here, the Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan." 11 U.S.C. § 1128(a).[3]

Mr. Roberts's due process argument turns on his read of the Notice of Hearing. By his account, it describes only two possible scenarios: if there were no objections, the bankruptcy court might confirm the Second Plan given sufficient evidence; or, if there were objections, then the bankruptcy court would delay confirmation and schedule an evidentiary hearing. He thus contends that his objection made confirmation at the scheduled hearing improper and that the confirmation order violated his due process rights.

Mr. Roberts's position has facial appeal. The Notice of Hearing is not

---

[3] In his opening brief, Mr. Roberts cites § 1324 as the relevant statute. It is not. That statute governs confirmation hearings for chapter 13 cases.

a model of clarity. But we conclude that he was afforded due process.

We first consider the text of the Notice of Hearing. Paragraph ten expressly allows for confirmation at the initial hearing in the absence of objection. But paragraph nine, which outlines the impact of objection on the initial hearing, is not a bald promise of judicial inaction as argued by Mr. Roberts. It acknowledges that in the face of objection, the hearing will be non-evidentiary. But it also states that, notwithstanding objection, the bankruptcy court will determine at this initial hearing how to address and resolve any objections. So, the Notice of Hearing put Mr. Roberts on notice that the bankruptcy court had options for decision at the initial hearing.

It is a "well established principle" that courts have "inherent power to control their dockets." *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (internal quotation marks omitted). Federal judges have "substantial discretion" about what "happens *inside* the courtroom." *Id.* (internal quotation marks omitted). And federal courts "are vested with inherent powers enabling them to manage their cases and courtrooms effectively . . . ." *Id.* (internal quotation marks omitted).

Here, the bankruptcy court acted in accord with paragraph nine and its generalized power to manage matters on its docket. It decided to resolve the plan objections on the record at the hearing. In reaching this decision it acted with extensive knowledge of the bankruptcy case gained from administration of the plan process and the nondischargeability and stay

15

relief litigation involving Mr. Roberts. The record makes clear that, notwithstanding his absence, the bankruptcy court carefully considered Mr. Roberts's objections. But at the end of this analysis, it concluded that a contested evidentiary hearing was unnecessary.

The Notice of Hearing did not prohibit the bankruptcy court from being decisional in this fashion. Mr. Roberts had actual notice that the bankruptcy court would consider plan confirmation and decide how to proceed if there were objections; this actual notice "more than satisfied" his "due process rights." *Espinosa*, 559 U.S. at 272.

Thus, Mr. Roberts's decision not to attend the hearing is fatal to his due process argument. His position reduces to the proposition that he, not the bankruptcy court, had the right to control the confirmation process because, once he objected, the bankruptcy court was required to continue the hearing even as he failed to attend. But the bankruptcy court never lost discretion to determine that a continued hearing was unnecessary even in the face of objection. Indeed, the Notice of Hearing expressly warned parties that the bankruptcy court would consider how to proceed with plan confirmation *at the hearing.* So, if Mr. Roberts wanted to be heard about whether an evidentiary hearing was necessary or whether the bankruptcy court had sufficient evidence to confirm at the initial hearing, he needed to attend the initial hearing.

It is also unclear what type of evidentiary hearing Mr. Roberts

16

anticipated. He did not argue in his plan objection that there were disputed factual issues that required an evidentiary hearing to resolve, nor did he expressly request an evidentiary hearing.[4] Instead, at the conclusion of his objection he simply asked the bankruptcy court to sustain his objection to confirmation based on his brief and the record in the case. True, Mr. Roberts stated in a footnote that he had a forensic expert willing to testify that a promissory note listed as an asset on Debtor's schedules was not a legitimate document; but he does not discuss on appeal how this possible isolated factual issue compels reversal. Put differently, Mr. Roberts has not shown that the bankruptcy court erred in not holding an evidentiary hearing because he never established that an evidentiary hearing was necessary. Bankruptcy courts regularly, at non-evidentiary hearings, grant motions based on the evidence in the record.

Last, Mr. Roberts suggests that *Delaney-Morin v. Day (In re Delaney-Morin)*, 304 B.R. 365 (9th Cir. BAP 2003), supports his due process argument, but that case is legally and factually distinguishable. There, a secured creditor filed a stay relief motion based on three theories, and the notice of preliminary hearing referred to the hearing as "non-evidentiary."

---

[4] This contrasts with Mr. Roberts's earlier objection to Debtor's first amended plan, where he explicitly "request[d] that this Court adopt the blended rate formula used by the Ninth Circuit in <u>Boulders</u>, and allow the Creditor to present evidence to establish the interest rate in this manner." Before the hearing on confirmation of the Second Plan, the bankruptcy court determined the appropriate interest rate.

*Id.* at 367. But the motion was not supported by competent, admissible evidence, and the debtor expressly sought a continuance, which the bankruptcy court denied. *Id.* at 367–68. Then, at the hearing, which the debtor did not attend, the creditor raised two new grounds which it supported only with creditor's counsel's "avowals." *Id.* at 368, 370. The bankruptcy court granted the motion based solely on the new allegations. *Id.* at 368.

On appeal, we reversed. *Id.* at 371. We noted that the "avowals" were not evidence and stated that even if they could be treated as an offer of proof, the debtor was misled by being told the hearing was non-evidentiary. *Id.* at 370. As a result, because the allegations at the hearing that formed the basis for the bankruptcy court's granting the motion were not made in the original motion, debtor lacked an opportunity to respond to the allegation; "[t]his raises due process concerns." *Id.* In addition, we noted that Civil Rule 7054 provided that a court cannot grant by default more relief than originally requested in the pleadings. *Id.* at 370–71.

*Delaney-Morin*, thus, is distinguishable. First, Debtor provided competent, admissible evidence in support of her motion to confirm the Second Plan. More importantly, the bankruptcy court did not confirm the Second Plan based only on new legal arguments or factual assertions made at the hearing; thus, it did not deprive Mr. Roberts of an opportunity to be heard on the matters before it. Rather, the bankruptcy court overruled his

objections on the merits.

In sum, Mr. Roberts had actual notice that the bankruptcy court would consider whether to confirm the Second Plan at the hearing; this comported with due process.

**C.    The bankruptcy court did not abuse its discretion when it confirmed the Second Plan.**

Mr. Roberts argues that the bankruptcy court abused its discretion in confirming the Second Plan. He is wrong.

First, he argues based on "newly discovered" information and alleges that the day before the confirmation hearing Debtor disclosed to him that her related LLC held an interest in 48 additional acres of Iowa farmland. This new disclosure of valuable farmland, he contends, has implications for Debtor's good faith, the value of the LLC's assets, the proper liquidation analysis, and the best interest of creditors' test (i.e., unsecured creditors could be paid in full immediately rather than in five years[5]).

We deem these arguments forfeited because Mr. Roberts never

---

[5] We disagree with Mr. Roberts about the best interest of creditors test. He suggests that immediate liquidation would "be better" for unsecured creditors. But, as the bankruptcy court ruled at the confirmation hearing and as Mr. Roberts does not dispute on appeal, Mr. Roberts as a fully secured creditor lacks standing to advance unsecured creditors' interests. Next, when creditors are paid in full, as they are here, the best interests of creditors does not require immediate liquidation. Finally and in any event, the unsecured creditors voted in favor of the Second Plan. We also disagree that good faith always requires a chapter 11 debtor to promptly liquidate as opposed to attempting a payout over time that may avoid the need for liquidation.

presented them to the bankruptcy court in the context of plan confirmation. *Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) ("The usual rule is that arguments raised for the first time on appeal . . . are deemed forfeited."). He knew about the issue before the confirmation hearing, but he failed to appear and to argue the point at that time. Instead, he raised these arguments with the bankruptcy court in his motion to vacate the minute entry, which he conceded was premised on Civil Rule 59. The bankruptcy court entered an order denying the motion. Mr. Roberts never appealed that order. Nor does he argue in his appellate brief that the bankruptcy court abused its discretion in denying reconsideration. This, in turn, works a waiver (i.e., Mr. Roberts intentionally relinquished his right to argue that the bankruptcy court erred in so deciding). *McKay v. Ingleson*, 558 F.3d 888, 891 (9th Cir. 2009) ("Because this argument was not raised clearly and distinctly in the opening brief, it has been waived.").[6]

The only argument that remains is Mr. Roberts's position that the bankruptcy court abused its discretion in concluding that the Second Plan was feasible. He argues that the bankruptcy court misread his § 1129(a)(11)

---

[6] Two recent Ninth Circuit cases discuss waiver and forfeiture in the bankruptcy context. *See Reid and Hellyer, APC v. Laski (In re Wrightwood Guest Ranch, LLC)*, 896 F.3d 1109, 1113–14 (9th Cir. 2018); *Harkey v. Grobstein (In re Point Center Financial, Inc.)*,890 F.3d 1188, 1194 (9th Cir. 2018). Neither compels reversal here as we do not need to decide whether Mr. Roberts forfeited these arguments in their entirety merely by failing to appear at the hearing. Instead, he raised them in connection with reconsideration and, thus, our affirmance is based on a different shade of waiver and forfeiture— Mr. Roberts's failure to appeal from the order denying his motion to vacate.

objection. The bankruptcy court thought his objection was based on an increased interest rate on his judgment, he explains, when instead his argument was premised on the following: negative amortization would result in his judgment increasing over course of the seven year plan; the Second Plan allows Debtor to retain her assets and to pay creditors over time; Debtor failed to show that she could obtain a loan sufficient to make the balloon payment; and, instead, Debtor would have to liquidate assets thereby defeating the Second Plan's purpose and rendering it nonfeasibile.

To start, § 1129(a)(11) provides that the court should not confirm a plan if it would likely "be followed by the liquidation, or the need for further financial reorganization, of the debtor . . . under the plan, **unless such liquidation or reorganization is proposed in the plan**." 11 U.S.C. § 1129(a)(11) (emphasis added). Here, the Second Plan expressly provides for the possibility of liquidation. It states: "The Debtor may, in her discretion, sell or encumber the Iowa Property or any other assets of [an LLC in which she has an interest] and use the funds to pay the Claim." Correspondingly, Debtor's disclosure statement states that the "balloon payment to [Mr. Roberts] will likely come from a loan or a sale of the Iowa Property." It further states that "Debtor believes this is feasible as the Iowa Property is valued in excess of the Allowed [Mr. Roberts's] Claim."

The Second Plan thus proposes that liquidation of the LLC's assets may be required. And Mr. Roberts concedes that if the value of this real

property remains steady—and he presented no evidence that it is likely to decrease in value[7]—its liquidation would pay him in full. The Second Plan thus is feasible as described, and the bankruptcy court did not abuse its discretion in overruling Mr. Roberts's § 1129(a)(11) objection.

In sum, Mr. Roberts fails to show that the bankruptcy court abused its discretion in confirming the Second Plan.

## CONCLUSION

Based on the foregoing, we AFFIRM.

---

[7] Mr. Roberts's other position is in some tension with this. He argues that Debtor failed to disclose that the LLC owned additional farmland and that the farmland is thus more valuable than Debtor claimed. If he is correct, then even more equity would be available to support refinance or to pay the Claim through liquidation.